Dear Mr. Cassidy:
You have requested the opinion of this office regarding the legality of a loan of funds by the Jefferson Davis Parish Police Jury to Gravity Drainage District No. 1, Sub A, for a drainage improvement project. We assume that the drainage district serves all or a portion of Jefferson Davis Parish. According to your letter, the drainage district needs approximately $20,000 — 30,000 to complete the project, but is willing to commit its future revenues to repay the parish.
As your letter makes clear, you are aware that La. Const. (1974) Art. VII, Sec. 14 expressly prohibits political subdivisions, such as Jefferson Davis Parish, from loaning or donating public funds, credit, property, or things of value to or for any person, firm, or corporation, public or private. Therefore, it is the opinion of this office that the Parish cannot unconditionally loan funds to the drainage district.
We are aware that the purposes for which the drainage district was formed complement the health and safety goals of the Parish. Furthermore, the Police Jury has the duty and authority to itself regulate and provide for drainage [R.S. 33:1236(2), (3), (12), (13)]. As such, we wish to advise that this opinion should not be construed as prohibiting the two public entities from engaging in cooperative drainage endeavors.
Pertinent in this regard is Guste v. Nicholls CollegeFoundation, 564 So.2d 682 (1983). Therein, the Louisiana Supreme Court determined that a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or legal duties" and were accepted by the Foundation "with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
In accordance with the Guste decision, the Parish of Jefferson Davis could transfer or loan public funds to the drainage district, if the loan was whereby the district agreed to perform, on behalf of the Parish, legal or statutory obligation(s) or function(s) that would otherwise have to be performed by the Parish. Enclosed herewith is a copy of Atty. Gen. Op. 93-787, which discusses cooperative endeavors in some detail.
We hope this opinion adequately addresses the issues confronting the Parish. Please do not hesitate to contact this office if we can be of further assistance.
Yours very truly,
RICHARD P. IEYOUB
Attorney General
 BY: ______________________ MARTHA S. HESS Assistant Attorney General
RPI:JMZB:MSH:jv
Enclosure
Hon. Michael C. Cassidy District Attorney, 31st Judicial District P.O. Box 1388 Jennings, Louisiana 70546
DATE RECEIVED: DEC. 22, 1994
DATE RELEASED:
MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL